IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:13-CV-00124 |
| | § | |
| **CORDILLERA COMMUNICATIONS,** | § | |
| **INC., KVOA COMMUNICATIONS, INC.** | § | |
| **d/b/a KRIS COMMUNICATIONS,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Defendants Cordillera Communications, Inc. and KVOA Communications, Inc. d/b/a KRIS Communications (hereinafter collectively referred to as "Defendants" or "KRIS") hereby file this Reply to Plaintiff's Response to Defendants' Motion to Dismiss, as follows.

### I.
### SUMMARY OF THE REPLY

1.  Plaintiff's Response to Defendants' Motion to Dismiss, which barely addresses and certainly does not satisfy his burden to provide clear and specific evidence of every element of his claims, spends the bulk of its 36 pages[1] arguing, incorrectly, that the Anti-SLAPP statute does not apply in this case. The Texas Citizen's Participation Act ("TCPA," "Anti-SLAPP statute" or "the Act") can, has been, and should be applied in federal court and should be applied in this case. Because the Act applies and Plaintiff has not demonstrated a *prima facie* case for

---

[1] Defendants would also note that Plaintiff has, once again, exceeded the page limit requirement included in this Court's February 20, 2014 Amended Scheduling Order and — again — has not requested leave to do so. For this reason, Plaintiff's Response should be struck or, at a minimum, not considered as to all pages that exceed the Court's 25 page limit.

each essential element of his claims for defamation, and because Defendants have demonstrated affirmative defenses to all claims based on the 2014 broadcasts, Plaintiff's claims based on the 2104 broadcasts should be dismissed.

## II.
## ARGUMENT

### A. The TCPA Applies in this Case

2. Plaintiff is wrong that the Texas anti-SLAPP statute cannot be applied in federal court. As argued in Defendants' anti-SLAPP Motion, the Fifth Circuit has previously held in *Henry v. Lake Charles Am. Press, L.L.C.,* 566 F.3d 164, 169 (5th Cir. 2009) that state anti-SLAPP statutes apply in federal court.[2] While the *Henry* case did not address the Texas anti-SLAPP statute, which had not been enacted at the time, there is no reason to think that the Fifth Circuit would find the Texas anti-SLAPP statute inapplicable in federal court after previously finding another state's anti-SLAPP statute applicable. Further, other federal district courts (in the Southern District of Texas and elsewhere) have applied the Texas anti-SLAPP statute and granted motions to dismiss under the Act.[3] Plaintiff has not even attempted either to articulate any reason for the Fifth Circuit to now change course or to distinguish the Texas anti-SLAPP statute from the previously applied Louisiana statute. Furthermore, just last month, in addressing the applicability of the Texas anti-SLAPP statute, the Fifth Circuit assumed the statute applied in federal court and accepted jurisdiction of an interlocutory appeal of the denial of an anti-SLAPP

---

[2] *Henry v. Lake Charles Am. Press, L.L.C.,* 566 F.3d 164, 169 (5th Cir. 2009); *Brown v. Wimberly*, 477 F. App'x 214, 216 (5th Cir. 2012). Other circuit courts have ruled similarly. *See, e.g., United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999) (holding a similar motion to strike under California state law applies in federal court); *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1207 (9th Cir. 2005) (*per curiam*) (reaffirming *Newsham*); *Godin v. Schencks*, 629 F.3d 79, 81 (1st Cir. 2010) (applying Maine's anti-SLAPP statute).

[3] *See, e.g., Lamons Gasket Company v. Flexitallic L.P.,* 2014 WL 1248159 (S.D. Tex. 2014); *Culbertson, et al. v. Lykos, et al.*, 4:12-CV-03644 (S.D. Tex. 2013) (on appeal); *Monaco Entertainment Group, LLC v. City of El Paso, Texas, et al.*, 3:11-CV-00561-DB (W.D. Tex. – El Paso 2012). Additionally, the Eastern District of North Carolina has applied the Texas anti-SLAPP statute in a federal diversity case. *See Ascend Health Corp. v. Wells*, 4:12-CV-00083-BR, 2013 WL 1010589 (E.D.N.C. Mar. 14, 2013).

motion by the U.S. District Court for the Southern District of Texas.[4] Tellingly, the federal circuits for the states upon whose anti-SLAPP statutes the Texas law was modeled have also found that those states' anti-SLAPP statutes apply in federal court.[5]

3. While Plaintiff is correct that, under *Erie,* a federal court is *generally* to apply state substantive law and federal procedural law, courts have recognized that the classification of law as one or the other is often not clear cut.[6] The analysis has already been done *vis a vis* anti-SLAPP statutes, and there is a reason so many federal courts have applied state anti-SLAPP statutes. As has been recognized by the United States Supreme Court and followed by lower federal courts, where a state's procedural rule is bound up in substantive state policy, a federal court is to apply state rules.[7] In fact, in the *Henry* case, the Fifth Circuit went so far as to find that even if an anti-SLAPP statute is "nominally" procedural, the statute applies.[8] Affirming the importance of protecting the right of citizens to speak out, the Act provides movants with both

---

[4] *See NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.,* __ F.3d __, 2014 WL 941049 (5th Cir. March 11, 2014). Although the *NCDR* court said the appellants had waived their objection to the applicability of the statute in federal court, the Court chose not to refuse to hear the appeal on jurisdictional grounds *sua sponte*.

[5] The Ninth Circuit, in particular, has consistently upheld California's anti-SLAPP statute — the statute on which the Texas statute was most closely based — as well as other state's anti-SLAPP statutes within its jurisdiction. *See. e.g., United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 972-73 (9th Cir. 1999) (holding a similar motion to strike under California state law applies in federal court); *Thomas v. Fry's Elecs., Inc.,* 400 F.3d 1206, 1207 (9th Cir. 2005) (*per curiam*) (reaffirming *Newsham*); *Hilton v. Hallmark Cards,*580 F.3f 874 (9th Cir, 2009) (finding California Anti-SLAPP statute should be construed broadly in diversity cases); *Phoenix Trading, Inc. v. Loops LLC,* 732 F.3d 936 (9th Cir. 2013) (applying Washington State's anti-SLAPP statute in federal court); *Aronson v. Dog Eat Dog Films, Inc.,* 738 F.Supp. 1104 (same); *Higher Balance, LLC v. Quantum Future Group, Inc.,* 2008 WL 5281487 (D. Ore. 2008) (applying Oregon's anti-SLAPP statute); *Gardner v. Martino,* 2005 WL 3465349 (D. Ore. 2005) (same). *See also, Godin v. Schencks,* 629 F.3d at 81 (applying Maine's anti-SLAPP statute in federal diversity action).

[6] *See, e.g., All Plaintiffs v. All Defendants,* 645 F.3d 329, 335 (5th Cir. 2011) (finding that Texas unclaimed property act applied to unclaimed class action funds in federal action where the aspects of the act that were arguably procedural were "bound up" with "state-created rights and obligations").

[7] *See Byrd v. Blue Ridge Rural Electric Co-op,* 365 U.S. 525, 536, 78 S.Ct. 893 (1958).

[8] *Henry v. Lake Charles Am. Press, L.L.C.,* 566 F.3d at 168. Citing to *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Welborn v. State Farm Mut. Auto Ins. Co.,* 480 F.3d 685, 687 (5th Cir. 2007) (per curiam*); cf*. *United States ex. Re. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 972-73 (9th Cir. 1999) (holding that a similar motion to strike under California state law applies in federal court); *Thomas v. Fry's Elecs., Inc.,* 400 F.3d 1206, 1207 (9th Cir. 2005) (per curium) (reaffirming *Newsham*); *see also, Brown v. Wimberly,* 477 Fed. Appx. 214 (5th Cir. 2012) (acknowledging the Fifth Circuit's adoption of the use of the Louisiana anti-SLAPP statute in federal court under *Erie* and applying the statute).

substantive rights to expeditiously and economically dispense with litigation brought for the purposes of retaliation or silencing public comment and the procedural avenue to do so. The TCPA is not merely a procedural vehicle for dismissing a complaint, but rather provides substantive protection for parties who have been targeted with litigation based on their exercise of a protected activity such as speech.[9] Thus, this Court "cannot disregard the procedural aspects of the Act without also destroying the rights and obligations that the Act creates."[10] Therefore, the Texas anti-SLAPP statute applies to this case, and, as a result, Plaintiff's claims must be dismissed.

B. **Defendants' Anti-SLAPP Motion is Timely as to the Newly Pled Claims**

4. Plaintiff also argues that the Anti-SLAPP Motion is not timely because it was required to have been filed within 60 days of service of the "legal action" — which he ignores the statutory definition of and instead defines solely as his initial pleading in this matter. Plaintiff alleges that, in his Second Amended Complaint filed in 2014, he "alleges the same claims alleged in the original complaint filed in April 2013" and only adds "additional facts alleged by the plaintiff concerning the broadcasts by these defendants in February 2014" and "*does not add any new claims that would result in additional liability.*"[11]

5. Under the TCPA, a "Legal action means a lawsuit, *cause of action*, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or

---

[9] Although Plaintiff engages in a detailed discussion of Federal Rules of Procedure 12 and 56, neither specifically addresses challenges to litigants who have been sued based on their exercise of their protected rights to speech or to petition and nether addresses the protections established by the Texas legislature with regard to such activity. Furthermore, other jurisdictions have addressed the argument and found that anti-SLAPP statutes do not violate FRCP 12 or 56. *See, e.g., United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d at 972-73 (finding application of California's anti-SLAPP statute in federal court did not interfere with Rules 12 or 56); *Godin v. Shencks,* 629 F.3d 79, 86-90 (1st Cir. 2010) (applying Maine's anti-SLAPP statute and finding statute not displaced by rules 12 and 56); *Containment Technologies Group, Inc. v. American Societies of Health System Pharmacists,* 2009 WL 838549, *8 (S.D. Ind. 2009) (finding substantive aspects of Indiana Anti-SLAPP law require its application in diversity case in federal court).
[10] *All Plaintiffs v. All Defendants,* 645 F.3d at 337.
[11] *See* Plaintiff's Response at ¶¶19-20. (emphasis added).

4

equitable relief."[12]  Thus, any new claims or causes of action raised in Plaintiff's Second Amended Original Complaint, based on the 2014 broadcasts, may be (and are) properly the subject of Defendants' Anti-SLAPP Motion that was filed within 60 days of service of the pleading adding the new causes of action for defamation pled by Plaintiff.  Unless, Plaintiff intends to concede — as he appears to do — that that the 2014 broadcasts resulted in no new claims for defamation, and no new injury to Plaintiff, then the statute applies to the newly pled claims.[13]  Plaintiff cannot have it both ways.  Plaintiff has clearly pled additional claims for defamation in his 2014 amended complaint — including claims for allegedly stating he was "master-bating in front of Texas A&M coeds" and was "ordered by a judge" to mandatory counseling and that Defendants failed to mention that records of the 2008 and 2009 stalking and indecent exposure had been expunged.  Defendants' motion is limited solely to the 2014 broadcasts and was filed within 60 days of service of these new claims.  Furthermore, by conceding he has suffered no additional damages from the 2014 broadcasts, Plaintiff has stipulated he has not met his burden of establishing an essential element of his claim thereby conceding the validity of and merit in granting the anti-SLAPP motion.

C. <u>The TCPA Applies to the Claims At Issue</u>

6. Plaintiff also argues that the TCPA is limited to participation in government.  This claim — which is expressly contrary to the broad language in the statute — has been made in at least two Texas cases, and both times courts of appeals held that the statute is not limited to

---

[12] Tex. Civ. Prac. & Rem. Code §27.001(6).
[13] In fact, regardless of Plaintiff's assertion about whether he is actually pleading new, independent claims for defamation based on the 2014 broadcasts, Plaintiff has made the judicial concession that he has suffered no damages as a result of the 2014 broadcasts (*see* Response at ¶20), thereby defeating his ability to prove a *prima facie* case for at least one element — damages — of any new defamation claims.

communication directed at the government.[14] In *BBB Dallas v. BH DFW*, the appellate court reversed the trial court's attempt to limit the application of the statute to governmental proceeding and explained "[t]he Legislature could have limited the protection provided by the TCPA to the exercise of free speech relating to participation in government, <u>but did not do so</u>."[15]

7. Plaintiff also argues that the TCPA does not apply because he is not a public figure or public official and because the speech does not concern health or safety. As with his previous arguments on this subject, Plaintiff sorely misses the mark in understanding the nature of the public concerns at issue. In fact, as argued previously, the broadcasts addressed an issue of vital public concern; the safety of school age children and the concerns about a teacher being passed from school district to school district, after the teacher is successively released from each because of concerns over alleged inappropriate behavior with students or other young women.[16] Contrary to Plaintiff's arguments, the broadcasts were not simply about whether Plaintiff was arrested for, pled guilty to, or engaged in any sex offender counseling for one or two offenses, and the fact that some of the charges were from a few years ago does not make them any less relevant to the issue of public concern. In fact, the extended duration of the Plaintiff's actions and repeated accusations against him for more than a decade — and the fact that he continued to teach and be passed from school to school, despite the allegations — reaches the heart of the issue of such grave public concern. Speech deals with a matter of public concern when, "it is a

---

[14] The purpose of the anti-SLAPP statute is defined in the statute as "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law [.]" Tex. Civ. Prac. & Rem. Code §27.002.

[15] *Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, INC.*, 402 S.W.3d at 308 (emphasis added). *See also, Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Services, Inc.*, 01-12-00990-CV, 2013 WL 3716693 (Tex. App. – Hou. [1st Dist.] 2013, no. pet.) ("We conclude that the scope of the statute is not limited only to protect speech directed toward the government.").

[16] *See, e.g., Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534 (2006) (Statements made regarding a youth group leader's alleged inappropriate sexual relationship with a child were also protected under the anti-SLAPP statute because they involved society's interest in protecting minors from predators); *Hecimovich v. Encinal School Parent Teacher Org.*, 203 Cal. App. 4th 450, 466-68 (2012) (safety in youth sports and problem coaches and parents are an issue of public interest). Interestingly, Plaintiff has served as both a Fellowship of Christian Athletes Huddle Coach and as a high school coach in a litany of both boys and girls athletics. *See* Exs. 5(a) and 5(e).

subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public."[17] As the U.S. Supreme Court has held, what constitutes a matter of "public concern" must be construed broadly, lest "courts themselves . . . become inadvertent censors." *Snyder v. Phelps,* 562 U.S. __, 131 S.Ct. 1207, 1216 (2011).

8.  In fact, despite Plaintiff's attempts to narrowly define what constitutes an issue of public concern, in the Act, the Legislature was careful to distinguish in the definition of "matter of public concern" that it "included" but was not limited to the itemized list. (*Compare* every other definition in Tex. Civ. Prac. & Rem. Code §27.001 that say a specific term "means" versus the definition of "matter of public concern" that says the term "includes.") The reason for this distinction is because there is already a long-standing body of law interpreting "matter of public concern" under Tex. Civ. Prac. & Rem. Code §73.002, and that law remains authority on the subject matter. *See* Tex. Civ. Prac. & Rem. Code §27.011.

**D.     The Court Can Consider All Evidence Submitted by Defendants**

9.  Plaintiff argues that, in deciding the Anti-SLAPP Motion, the Court may *only* consider the pleadings and affidavits on file with the Court, and not the additional evidence introduced by Defendants. Plaintiff cites no Texas case that has limited the evidence that may be considered that way. In fact, far from prohibiting any other evidence from being considered, the text of the anti-SLAPP statute itself actually contemplates just the opposite. The complete text of §27.006 reads as follows:

---

[17] *See Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 492 (1975) (internal marks and citations omitted) (matters of alleged criminal activity "are without question events of legitimate concern to the public).

>   (a)  In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.
>
>   (b)  On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion."

Tex. Civ. Prac. & Rem. Code §27.006.

10. Thus, while the wording of §27.006 requires the court to consider the pleadings and affidavits, it does not prohibit the court from considering other evidence. In fact, the statute creates a structure for conducting discovery, which could only be for the purpose of obtaining evidence other than the pleadings and affidavits to be considered.[18] If this court were to interpret the TCPA to preclude evidence outside of pleadings and affidavits, it would result in there being no purpose to §27.006(b). "The legislature is never presumed to have done a useless act."[19]

11. Further demonstrating that the TCPA allows evidence outside of affidavits and pleadings, the non-movant is allowed to present by "clear and specific evidence a prima facie case for each essential element of the claim in question."[20] And, the movant can present by a "preponderance of the evidence each essential element of a valid defense" to the action.[21] Both may, at times, require more than simply affidavits and courts have expected as much. For example, in *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 686, 692 (Tex. App. – Hou. [1st Dist.] 2013, pet. denied), "[b]oth parties attached affidavits and other evidence to their pleadings" and the evidence established that the allegedly defamatory statements that formed the basis of the lawsuit

---

[18] *See* §27.006(b).
[19] *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) ("It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose."). *See also, Southwestern Bell Tel. Co. v. Public Util Comm'n of Texas,* 79 S.W.3d 226, 229 (Tex. App. – Austin 2002, no pet.) ("Every word, sentence, clause, and phrase of a statute should be given effect."); *In re A.A.A.*, 265 S.W.3d 507, 516 (Tex. App. – Hou. [1st Dist.] 2008, pet. denied) ("It is a well-settled rule of statutory construction that every word of a statute must be presumed to have been used for a purpose.) *citing In re Bell,* 91 S.W.3d 784, 790 (Tex. 2002).
[20] Tex. Civ. Prac. & Rem. Code §27.005.
[21] *Id*.

8

were truthful, much like the evidence included in the case at bar. Likewise, in *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Services, Inc.*, 01-12-00990-CV, 2013 WL 3716693 (Tex. App. – Hou. [1st Dist.] July 16, 2013, pet. denied), the court permitted Plaintiff John Moore to attach "copies of relevant pages from the [defendant's] website to show the "F" rating, as well as copies of some customer complaints it had received[.]" Courts expect anti-SLAPP movants and non-movants to present evidence.[22]

12. Nevertheless, in the alternative, even if this Court were to only consider the "pleadings" and affidavits (but not other discovery), the Court should still grant Defendants' anti-SLAPP Motion because Plaintiff has not demonstrated a *prima facie* case for each essential element of his cause of action for defamation and has expressly conceded the element of damages.

E. **Plaintiff's Objections to Defendants' Evidence should be Overruled (if Considered at All)**

13. As he did in his Response to Defendants' Motion for Partial Summary Judgment, Plaintiff has objected to virtually all of the affidavits and discovery materials Defendants offered in support of their Motion to Dismiss. And, as was the case with Plaintiff's Objections to Defendants' summary judgment materials, the Plaintiff's objections are form and boiler-plate, and should be overruled for that reason alone. As Defendants noted in their response to Plaintiff's Objections to Defendants' summary judgment evidence, "boilerplate objections[s]," like those asserted here, are looked upon with "disfavor" by federal courts.[23] In the context of

---

[22] *See, e.g., Farias v. Garza*, 04-13-00094-CV, 2014 WL 300983 (Tex. App. – San Antonio Jan. 29, 2014, no. pet. h.) (dismissing lawsuit because Plaintiff presented no "evidence of either negligence or malice on Farias' part"); *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Services, Inc.*, 2013 WL 3716693 *11-12 (dismissing due to failure of Plaintiff to present evidence on several elements).

[23] *See Smith v. Collins Bus Corp.*, No. 11-CV-2128, 2013 WL 589615, at *4 (D. Kan. Feb. 14, 2013) (ignoring meritless "boilerplate" discovery objections); *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1197 (11th Cir. 2002) (rejecting "boilerplate objection" to fee award, and noting "a boilerplate objection merits no more . . . [than] a boilerplate response.").

objections to summary judgment evidence, courts have found that a "boilerplate 'objection' does not create a genuine issue of material fact."[24]

14. It is a bedrock rule that "[e]videntiary objections must be specific."[25] A "loosely formulated and imprecise objection" does not allow "a trial court judge [to] be fully apprised of the grounds of an objection" and is thus improper.[26] An "objecting party [must] make specific objections detailing the specific evidence the party wishes to have stricken and stating the specific grounds upon which each piece of evidence should be stricken."[27] A "general objection preserves nothing for review and is not sufficient to apprise the trial court of the complaint urged. It is a long established rule that an objection to the admission of evidence must be specific and must state the grounds of the objection."[28] Indeed, the Fifth Circuit has noted that "one of the most basic rules of Texas procedure [is that] an objection must be specific to preserve the error for review."[29]

### 1. Response to Plaintiff's Objections to Appendix B, Appendix C, and Appendix E

15. As should be obvious from the face of the documents, those three appendices do not purport to be evidence and are not offered as such. They are summaries of evidence and documents prepared by counsel for the assistance of the Court and are offered for whatever attention the Court may choose to give them.

---

[24] *Hern v. Albuquerque Bernalillo Cty Water Util.*, No. CIV 12-564 (D.N.M. June 6, 2013) (slip op.) (Referring to an objection that seemed to have been "lifted from some other case and has little to no applicability here.").
[25] *United States v. Avants*, 367 F.3d 433 (5th Cir. 2004) (citing Fed. R. Ev. 103(a)(1)).
[26] *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998); *Tucker v. SAS Institute, Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006).
[27] *Tucker*, 462 F. Supp. 2d at 722 (rejecting motion to strike summary judgment affidavits where it was "unclear which specific sentences or statements in any of the affidavits … should be stricken [and] plaintiff simply provides a list of the paragraphs she wishes to challenge [based on] the vague assertion that the information contained in those paragraphs is 'based on inadmissible hearsay' and the paragraphs 'are laced with conclusory, self-serving statements that are inadmissible.'").
[28] *Vela v. Estelle*, 708 F.2d 954, 962 (5th Cir. 1983) (quoting district court's rejection of general objection to trial testimony).
[29] *Id.*

### 2. Response to Plaintiff's Objections to Exhibits 2-3, and 5-14

16. Plaintiff's first objection to these exhibits is that they are neither "pleadings" nor "affidavits" and therefore may not be considered in evaluating Defendants' Motion to Dismiss. As discussed above, the Court's inquiry is not so limited.

17. Plaintiff makes no other specific objections to these exhibits, but he does purport to "adopt and incorporate" the objections he made to those exhibits when responding to Defendants' Motion for Partial Summary Judgment.[30] Such "adoption" and "incorporation" are not permissible, however, and therefore are not objections at all. While FED R. CIV. P. 10(c) provides that a statement in a *pleading* may be adopted by reference in another pleading or motion, no rule allows incorporation by reference of statements contained in other *motions*.

18. In the alternative, however, if the Court is inclined to consider Plaintiff's prior objections that have been "adopted" and "incorporated" by reference, then Defendants adopt and incorporate the responses they made to those objections in their Response to Plaintiff's Objections to Summary Judgment Evidence and Motion to Strike. (D.E. 54).

### 3. Response to Plaintiff's Objections to Exhibits 18-22

19. Exhibits 18-22 are all affidavits from third party witnesses, and they were also offered in support of Defendants' Motion for Partial Summary Judgment (D.E. 41) as Exhibits 17-21. Plaintiff's objections to these exhibits are: (1) that they are "not even addressed in the defendants' motion. Certainly not substantively and specifically" (sic), and there is nothing in the affidavits concerning the 2014 broadcasts, (2) that they are each statements from an alleged witness who was not identified in discovery until March 4, 2014, and "therefore the plaintiff has had zero opportunity to take [the witnesses'] deposition," and (3) that the "information and

---

[30] *See* Plaintiff's Response to Defendants' Motion to Dismiss (D.E. 55) at ¶47.

material in the exhibit is also inadmissible hearsay, which cannot be considered in a summary judgment (sic) proceeding."

20. As to the first objection, while these exhibits are not specifically referred to in Defendants' Motion to Dismiss, that is not a basis for objection under the Texas Anti-SLAPP statute. FED R. CIV. P. 56 (c)(1)(A) requires a party seeking or opposing summary judgment to "[cite] to particular parts of materials in the record," but the Texas Anti-SLAPP statute contains no such requirement. While it is true that the affidavits were signed before the 2014 broadcasts were aired, they are nevertheless evidence of the accuracy of the information ultimately reported in the 2014 broadcasts.[31] As to the second objection, if Plaintiff has not had an opportunity to depose witnesses (that were identified in compliance with the discovery deadline), that is no basis upon which to strike these affidavits. Rather, if Plaintiff can establish that he needs the depositions to respond to Defendant's Motion to Dismiss, he may seek leave to take those depositions under TEX. CIV. PRAC. & REM. CODE §27.006(b). Plaintiff has filed no such motion and sought no such leave, and there is no basis to strike the affidavits of these timely identified witnesses.

21. Finally, as to the hearsay objection, Plaintiff does not specify what statement in what affidavit is hearsay, making it impossible for Defendants to respond, but in general Defendants point out that each affidavit is testimony of the affiant about her own actions, her own observations, her own experiences, and her own beliefs. Any testimony within those affidavits about what Plaintiff himself may have said to the affiants is a statement by a party being offered against that party and is therefore not hearsay.[32] The affidavits are all proper evidence to support Defendants' Motion to Dismiss.

---

[31] For instance, Affiant Bianca Escamilla only appeared in the 2014 broadcasts. *See* Ex. 22.
[32] *See* Fed. R. Evid. 801(d)(2).

#### 4. Response to Plaintiff's Objections to Exhibits 15-17

22. Plaintiff's objections to Exhibits 15-17 are: (1) they do "not support the defendants' motion and [are] not in compliance with the kind of evidence the TCPA permits; (2) that they are "not even addressed in the defendants' motion. Certainly not substantively and specifically," (sic) (3) that the "information and material in the exhibit is also inadmissible hearsay," and is nothing but "hearsay, double hearsay, or tripe (sic) hearsay," and (4) that the statements in the exhibits are "conclusory, legal conclusions, and self-serving nonsense."

23. Exhibits 15-17 are affidavits of KRIS employees. Exhibits 15 (Ellison affidavit) and 16 (Flores affidavit) were also offered in support of Defendants' Motion for Partial Summary Judgment (D.E. 41), and Plaintiff made essentially the same objections in his response to that motion. All three of these affidavits are referenced and relied upon in Defendants' Motion to Dismiss, and so Plaintiff's first objection is not well taken. The objections that the statements in the affidavits are "hearsay, double hearsay, or tripe [sic] hearsay" and are "legal conclusions and self-serving nonsense," are not objections at all and merit no response. The affidavits are testimony from these affiants about what they did, said, and thought; to the extent they contain references to what other people told the affiants, the testimony is offered not as evidence of the underlying activity but as evidence of the reporting and investigation upon which the broadcasts at issue were based, and are also offered as evidence of the basis upon which KRIS, through its representatives and agents, believed all of the statements in the broadcasts to be true. Plaintiff's objections to these affidavits are not well taken, and should be overruled.

### F. Plaintiff Has Not Met His Burden Under the Act.

24. Finally, as discussed in Defendants' Anti-SLAPP Motion, and as is clear from Plaintiff's Response, Plaintiff has not met his burden under the act to "establish[] by clear and specific

evidence a prima facie case for each essential element of the claim in question."[33] Among other things, he has conceded he has no damages. Additionally, Defendants have established by a preponderance of the evidence each essential element of the defenses to Plaintiff's claims[34] — specifically, that the broadcasts are true or substantially true, that the statements at issue are privileged as a reasonable and fair comment on a matter of public concern published for general information pursuant to the common law and the Texas and the United States Constitutions, that Plaintiff's claims are barred by common law, statutory and constitutional privileges such as the fair report privilege, the neutral report privilege, the judicial and official proceedings privilege, the fair comment privilege, the common interest privilege, Tex. Civ. Prac. & Rem. Code §73.002, and the privileges of free speech and free press found in Article I, Section 8 of the Texas Constitution and the First and Fourteenth Amendments to the United States Constitution, that Plaintiff is a public official or public figure, and that Plaintiff cannot demonstrate actual malice.[35] Thus, not only has Plaintiff *not* established by clear and specific evidence a *prima facie* case for each essential element for the claims in question, but Defendants have demonstrated affirmative defenses to all claims based on the 2014 broadcasts; for either or both of these reasons, Defendants are entitled to dismissal under the Act.

G. **Objections to Plaintiff's Declaration**

25. Defendants object to the Declaration of Christopher Williams ("Declaration"), attached to his Response, to the extent Plaintiff attempts to introduce evidence through his Declaration of the substance of the broadcasts at issue or of Defendants' intention in broadcasting any statements. Specifically, Defendants object to paragraphs 3, 4, 5, 7, and 9 where Plaintiff testifies about what

---

[33] Tex. Civ. Prac. & Rem. Code §27.005(c).
[34] Tex. Civ. Prac. & Rem. Code §27.005(d).
[35] To the extent the Court considers Plaintiff's Response to Defendants' Motion for Summary Judgment as incorporated into his Response hereto, Defendants adopt and incorporate herein their Defendants' Motion for Summary Judgment and Reply to Plaintiff's Response to same.

Defendants "broadcast."[36]  The broadcasts themselves, copies of which Defendants have provided to the Court, are the best evidence of what Defendants broadcast.[37]  Defendants further object to the Plaintiff's statement in the first sentence in paragraph 7 of the Declaration whereby Plaintiff attempts to testify as to what Defendants were "trying" to do in broadcasting a report. Plaintiff's opinion about what Defendants were "trying" to do in broadcasting the report is clearly not based on his personal knowledge and Plaintiff has laid no foundation to argue that it could be.[38]  Similarly, for the same reason, Defendants object to the sixth and ninth sentences in Paragraph 7 and the last sentence in Paragraph 9 whereby Plaintiff testifies to what Defendants "know" and "failed" to include in the broadcasts.[39]  Thus, all of the objected to portions of the Declaration should be struck and should not be considered by this Court.

### III.
### CONCLUSION AND PRAYER

For these reasons, Defendants ask the Court to grant Defendants' Motion to Dismiss as requested in the motion.

WHEREFORE, PREMISES CONSIDERED, Cordillera Communications, Inc. and KVOA Communications, Inc. d/b/a KRIS Communications, Defendants, pray the Court to grant its Motion to Dismiss, that costs of Court be assessed against Plaintiff, and for general relief.

---

[36] The objected to portions are: all but the second sentence of paragraph 3; all but the second sentence of paragraph 4; the first and third sentences of paragraph 5; the second and third sentences of paragraph 7; and, the first two sentences of paragraph 9.
[37] *See* Fed. R. Evid. 1002.
[38] *See*, Fed. R. Evid. 602 and 701; *see also, e.g.,* Fed. R. Civ. Proc. 56(c)(4) (affidavits or declarations must be made on personal knowledge).
[39] *Id.*

Respectfully submitted,

HAYNES AND BOONE, LLP


By:\_\_\_\_\_/s/ Laura Lee Prather_____
      Laura Lee Prather
      Southern District ID No. 15442
      Texas State Bar No. 16234200

600 Congress Avenue, Suite 1300
Austin, Texas 78701
Tel.: (512) 867-8400
Fax.: (512) 867-8470

OF COUNSEL:
Catherine Lewis Robb
Southern District ID No. 737064
Texas State Bar No. 24007924
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:     (512) 867-8470

Thomas J. Williams
Southern District ID No. 14013
Texas State Bar No. 21578500
201 Main Street, Suite 2200
Fort Worth, Texas 76102
Tel.: (817) 347-6600
Fax.: (817) 347-6650

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 25, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys:

>Jon D. Brooks
>Brooks, LLP
>400 Mann Street, Suite 1001
>Corpus Christi, TX  78401

                      _____/s/ Laura Lee Prather_____
                      Laura Lee Prather
                      Catherine Lewis Robb