UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-124 |
| § | |
| CORDILLERA COMMUNICATIONS, § | |
| INC., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON ANTI-SLAPP MOTION

Before the Court is "Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code" (D.E. 51). Chapter 27, also known as the Citizens Participation Act (TCPA), is an anti-SLAPP[1] statute designed to stay discovery and obtain early dismissal of meritless suits which aim to chill, or retaliate against, the exercise of free speech which is in the public interest. Defendants, Cordillera Communications, Inc. and KVOA Communications, Inc. d/b/a KRIS Communications (collectively KRIS) seek dismissal of all complaints related to 2014 broadcasts and publications regarding Plaintiff Christopher Williams (Williams). For the reasons set out below, the motion (D.E. 51) is GRANTED.

## PRELIMINARY OBJECTIONS

Williams offers three preliminary objections to the anti-SLAPP motion: (1) the TCPA is procedural and does not apply in federal court; (2) KRIS did not file the TCPA motion in a timely manner according to the statute's requirements; and (3) the TCPA

---

[1] Strategic Lawsuit Against Public Participation (SLAPP).

does not permit consideration of all of the evidence KRIS has offered. As stated at the June 3, 2014 hearing and as more fully set out below, the Court OVERRULES all three preliminary objections.

**A. The Citizens Participation Act is Enforceable in Federal Court.**

This action was removed to this Court on the basis of diversity jurisdiction. D.E. 1; 28 U.S.C. § 1332. "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc*., 518 U.S. 415, 427 (1996); 28 U.S.C. § 1652 ("The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply").

The TCPA is procedural in that it has specific time constraints, places a stay on discovery, and requires an expedited decision with an accelerated appellate process. TCPA, TEX. CIV. PRAC. & REM. CODE §§ 27.003-27.008. However, these procedural features are designed to prevent substantive consequences—the impairment of First Amendment rights and the time and expense of defending against litigation that has no demonstrable merit under state law regarding defamation.

The TCPA requires dismissal of an action if "the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition;

or (3) the right of association." TCPA § 27.005(b). A claimant's action may survive only if he "establishes by clear and convincing evidence a prima facie case for each essential element of the claim in question." TCPA § 27.005(c). The statute allows a defendant to recover damages in the form of court costs, reasonable attorney's fees, expenses, and sanctions. TCPA § 27.009. By the same token, if a defendant uses the statute in a manner that is frivolous or only for purposes of delay, a plaintiff may recover court costs and reasonable attorney's fees for having to respond. *Id.*

Such state anti-SLAPP statutes have been enforced in federal courts.[2] The Fifth Circuit has concluded that the accelerated appeal provisions of the Louisiana anti-SLAPP statute apply to federal appellate courts. *Henry v. Lake Charles American Press, LLC*, 566 F.3d 164 (5th Cir. 2009). In *Henry*, the trial court applied the Louisiana Anti-SLAPP statute, but erroneously concluded that the plaintiff had demonstrated a probability of success on his defamation claim. *Id.*; *Henry v. Lake Charles American Press, LLC*, No. 2:06 CV 1513, 2007 WL 3341317 (W.D. La. November 7, 2007).

In a subsequent case, the Fifth Circuit noted, "This court has adopted the use of the statute in federal court under *Erie*." *Brown v. Wimberly*, 477 Fed.Appx. 214, 216,

---

[2] *E.g.*, *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (finding that the California anti-SLAPP statute applies in federal court under the *Erie* doctrine and does not conflict with Fed. R. Civ. P. 8, 12, or 56, which do not "occupy the field" of measures intended to efficiently dispose of meritless actions ); *Godin v. Schencks*, 629 F.3d 79, 81 (1st Cir. 2010) (Maine anti-SLAPP statute). There is a split of authority in the federal trial courts sitting in the District of Columbia. *E.g., 3M Co. v. Boulter,* 842 F.Supp.2d 85 (D.D.C. 2012) (disagreeing with *Newsham* and refusing to apply the D.C. anti-SLAPP statute as conflicting with Fed. R. Civ. P. 12 and 56 in the D.C. Circuit); *Farah v. Esquire Magazine, Inc.*, 863 F.Supp.2d 29, 36 n.10 (D.D.C. 2012) (noting that the statute has substantive consequences and is enforceable in federal court, citing *Sherrod v. Breitbart*, 843 F.Supp.2d 83, 85 (D.D.C.2012)). It appears from subsequent history that the *Boulter* decision is not in the mainstream, even among D.C. district courts.

(5th Cir. 2012) (*per curiam*; applying the Louisiana statute and citing *Henry*). There is no material difference between the Louisiana and Texas anti-SLAPP statutes. Consequently, anti-SLAPP statutes such as the TCPA are enforceable in federal courts sitting in diversity jurisdiction under the *Erie* doctrine. The Court thus enforces the TCPA as it applies to this case.

### B. KRIS's Motion is Timely.

Under the TCPA, a motion to dismiss "must be filed not later than the 60th day after the date of service of the legal action." TCPA § 27.003(b). Williams argues that the legal action was filed on April 4, 2013 (D.E. 1-3), and the anti-SLAPP motion was not filed until a year later. D.E. 51. KRIS argues that it is entitled to a dismissal of new claims regarding the 2014 broadcasts because those claims were not brought as a legal action until Williams amended his complaint on February 27, 2014. D.E. 40. Williams counters that his claims regarding the 2014 broadcasts constitute the same claim—the amended pleading states the same allegations with no additional liability. D.E. 55, p. 11.

The TCPA defines a "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TCPA § 27.001(6). This definition does not limit "legal action" to the first document requesting relief. Rather, it contemplates additional pleadings and additional causes of action that may arise during the progress of a case. The claims here relate to separate broadcasts that did not occur until 2014.

The Court finds that KRIS's anti-SLAPP motion, filed within 60 days of the pleading that added the 2014 claims, is timely with respect to challenging the 2014 claims.

### C. All Admissible Evidence May Be Considered.

Quoting TCPA § 27.006(a), which allows the courts to consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based," Williams argues that the Court is not permitted to consider evidence in any other form. He moves to strike KRIS's Exhibits 2-3 and 5-14.

Williams' argument is not supported by authority and is contrary to the full import of § 27.006. Under TCPA § 27.006(b), the Court may allow targeted discovery relevant to the motion, which would produce other types of evidence such as deposition testimony, admissions, and documents produced through requests for production or subpoenas duces tecum. The statute does not preclude the use of such evidence.

The Court OVERRULES Williams' objection to the KRIS exhibits and DENIES Williams' request to strike those exhibits on the basis that they are outside the scope of evidence permitted by TCPA § 27.006(a). To the extent that the KRIS exhibits constitute admissible evidence, they may be considered in support of the TCPA motion.

### D. Evidentiary Objections

Williams has lodged a number of evidentiary objections to the KRIS exhibits. With three exceptions, each exhibit was previously offered by KRIS with its motion for partial summary judgment (D.E. 41). Williams incorporates by reference and repeats many of his previous objections, and KRIS incorporates by reference its previous

responses to those objections. The Court ruled on those objections at the June 3, 2014 hearing and those rulings are incorporated herein.

The three new exhibits are: (1) Exhibit 2—the DVD of the KRIS broadcasts on February 9 and 11, 2014; (2) Exhibit 3—the transcripts of the broadcast series of February 9 and 11, 2014; and (3) Exhibit 17—the Affidavit of Rick Spruill. Williams does not object to the admissibility of the DVD and transcripts. With respect to the Affidavit of Rick Spruill, the Court OVERRULES the hearsay objections and admits the affidavit for the limited purpose of demonstrating the scope of the KRIS investigation and its basis for the reports. The Court SUSTAINS the hearsay objections only to the extent that the affiant attempts to represent the words of any alleged victim or other witness as true.

## FACTS

The Court issued an Order on Motions for Summary Judgment (D.E. 59), dismissing Williams' claims related to KRIS' 2013 broadcasts and publications. The 2014 reports involve the same information as the 2013 reports and the evidence KRIS offers here is largely the same as the evidence offered with its motion for partial summary judgment. The Court incorporates by reference its statement of the facts set forth in the summary judgment Order.

## DISCUSSION

### A. The KRIS Reports Relate to a Matter of Public Concern

At issue in this case is KRIS's First Amendment right to free speech as tempered by tort actions to defend personal reputations. In the TCPA context, the exercise of the

right of free speech must be "in connection with a matter of public concern." TCPA § 27.001(3). The TCPA defines a "matter of public concern" to include:

      (A)    health or safety;
      (B)    environmental, economic, or community well-being;
      (C)    the government;
      (D)    a public official or public figure; or
      (E)    a good, product, or service in the marketplace.

TCPA § 27.001(7). Williams argues that the substance of the 2014 broadcasts was not a matter of public concern because Williams is not a public official or public figure and the reports were not related to health or safety.

KRIS argues that any matter of alleged criminal activity is one of legitimate concern to the public. D.E. 51, p. 5 (citing *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 492 (1975)). KRIS further contends that the broadcasts involved health or safety, community well-being, the government, or a public official or public figure. The Court finds that the KRIS reports were on matters of public interest because that they addressed allegations against a teacher who had been accused of criminal acts of a sexual nature involving young females, some of whom were his students.

The KRIS initial reports were triggered by the allegation involving the West Oso ISD student. However, the KRIS investigation found evidence that school districts allowed Williams to resign under circumstances that shielded allegations of wrongdoing. Other school districts then hired him and experienced similar allegations of wrongdoing. It is a matter of public concern that a person who has a history of being terminated from

his teaching job because of allegations of wrongdoing can continue to be hired in positions in which the safety of students is entrusted to him.

The Court finds that the matters on which KRIS reported are matters involving health and safety, community well-being, and—with respect to public educational institutions, mandatory primary education, and certification of teachers—the government. It is not necessary for the Court to reach the issue of whether Williams is a public figure to find that the matters here fall within the scope of the TCPA's requirement that the exercise of the right of free speech be connected to a matter of public concern. KRIS, as the moving party, has satisfied its burden of showing by a preponderance of the evidence that this legal action is based on, relates to, or is in response to KRIS's exercise of the right of free speech as required by TCPA § 27.005(b).

### B. Williams Has Failed to Establish a Prima Facie Case in Support of Any Cause of Action Based on the 2014 Broadcasts.

Under the TCPA, once KRIS satisfies its burden to show that its broadcasts constituted the exercise of free speech on a matter of public concern, the burden shifts to Williams to produce clear and specific evidence of a prima facie case for each essential element of the claim in question. TCPA § 27.005(c). Absent that proof, the action must be dismissed. *Id*.

Williams' complaint raises causes of action for defamation and defamation per se under Texas law. To satisfy his burden of demonstrating a prima facie case under either theory, Williams must show that KRIS: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the

8 / 10

plaintiff was a public official or public figure, or with negligence, if the plaintiff was a private individual, regarding the truth of the statement. *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). "Whether words are capable of the defamatory meaning the plaintiff attributes to them is a question of law for the court." *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). To be defamatory, the statement must be materially false. *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 692 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (collecting cases).

Williams complains of two allegedly defamatory statements in the 2014 KRIS broadcasts:

> 1. That Williams was arrested for offenses involving "indecent exposure" and "masturbating in front of Texas A&M coeds;" and
>
> 2. That Williams was "ordered by a judge" in 2005 to mandatory counseling.

In his affidavit (D.E. 55-1), Williams confirms the gist of KRIS's broadcast, but complains of certain details. He essentially admits that he was arrested for indecent exposure in connection with the November 14, 2008 incident that was the subject of a March 24, 2009 complaint. And the evidence shows that this incident involved the allegation of masturbating in front of Texas A&M coeds. Williams is correct that the mandatory counseling was the result of a deferred prosecution agreement, and was not ordered by a judge. However, the mandatory counseling was the result of an official proceeding, and his compliance was required in order for the charges to be dismissed.

The evidence shows that, while there were discrepancies in the details, the reports were substantially true. Consequently, Williams has not satisfied his TCPA burden of

showing clear and specific evidence that the reports were materially false and defamatory and this action, with respect to the 2014 broadcasts, must be dismissed. The Court need not reach the issue of actual malice or damages.

## CONCLUSION

For the reasons set out above, the Court GRANTS "Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code" (D.E. 51) and DISMISSES Williams' claim regarding the 2014 broadcasts. Having already dismissed Williams' claims regarding the 2013 broadcasts in the Court's Order on Motions for Summary Judgment, this action is DISMISSED WITH PREJUDICE in its entirety. The parties are instructed to contact the Court's Case Manager to schedule a hearing regarding costs, fees, and expenses.

ORDERED this 11th day of June, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE