IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILLIAMS, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 2:13-CV-00124 |
| CORDILLERA COMMUNICATIONS, INC., KVOA COMMUNICATIONS, INC. d/b/a KRIS COMMUNICATIONS, | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' BRIEF IN SUPPORT OF
AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES AND SANCTIONS,
PURSUANT TO THE TEXAS ANTI-SLAPP STATUTE, CHAPTER 27 OF
THE CIVIL PRACTICE AND REMEDIES CODE**

Defendants Cordillera Communications, Inc. and KVOA Communications, Inc. d/b/a KRIS Communications (hereinafter collectively referred to as "Defendants" or "KRIS") hereby file this Brief in Support of Award of Attorneys' Fees, Costs, Expenses and Sanctions, pursuant to the Texas Anti-SLAPP Statute, Chapter 27 of the Civil Practice and Remedies Code, and show as follows.

Plaintiff brought this retaliatory legal action against KRIS to try to silence and hinder KRIS' exercise of its right of freedom of speech and exercise of right to petition. On April 5, 2013, Plaintiff sued KRIS for defamation and defamation *per se* for statements made on KRIS' broadcasts in January and February, 2013. On February 27, 2014 (D.E. 40), Plaintiff filed his Second Amended Original Complaint bringing new claims against KRIS. Defendants timely filed their anti-SLAPP motion (D.E. 51) pursuant to Chapter 27 of the Texas Civil Practices and Remedies Code with regard to the new claims made against KRIS.

The Texas Anti-SLAPP statute provides that if the Court orders dismissal, "the court *shall* award to the moving party: (1) court costs, reasonable attorney's fees, and other expenses ***incurred in defending against the legal action*** as justice and equity may require; *and* (2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter." Tex. Civ. Prac. & Rem. §27.009 (emphasis added).

### I.   The Court shall award attorneys' fees and costs incurred in, at a minimum, defending against the new claims contained in the Second Amended Complaint.

Section 27.009 creates a mandatory award of attorneys' fees, costs and other expenses. The use of wording that the Court "shall" award attorney's fees appears in at least eighteen different Texas statutes and has consistently been interpreted as mandatory.[1] Under the Texas Code Construction Act the use of the term 'shall' "imposes a duty." Tex. Gov't Code Ann. §311.016(2); *see also*, Tex. Gov't Code Ann. §311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985) ("Unless a statute is ambiguous, [courts] must follow the clear language of the statute."); *see also, Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 672 (Tex. App. – Austin 2006, no pet.) (statutes providing that a party shall be awarded attorney's fees mandate an award of fees that are reasonable and necessary).

---

[1] By way of further example, the Dallas Court of Appeals reversed a denial of a prevailing defendant's attorney's fees under the Texas Beer Industry Fair Dealing Law, holding that "the fee award is mandatory, in that subsection (c) explicitly states the prevailing party "shall" recover reasonable attorney's fees." *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 257 (Tex. App. – Dallas 2005, no pet.); *see also*, Tex. Alco. Bev. Code Ann. §102.79(c) ("The prevailing party to any action under Subsection (a) of this section shall be entitled to actual damages, including ... reasonable attorney's fees, and court costs." (emphasis added)). Likewise, under the DTPA, "[a]ttorney's fees are mandatory when a consumer prevails under the DTPA" because the language of Tex. Bus. & Com. Code §17.50(d) states that "[e]ach consumer who prevails shall be awarded court costs and reasonable and necessary attorney's fees." *See Town E. Ford Sales, Inc. v. Gray*, 730 S.W.2d 796, 812 (Tex. App. – Dallas 1987, no writ) (emphasis added).

Significantly, when Plaintiff filed his Second Amended Original Complaint, it superseded the First Amended Original Complaint. It is well established that "[o]rdinarily, an amended complaint supersedes an original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Ruiz v. El Paso Processing Ctr.*, 299 Fed. Appx. 369, 370 (5th Cir. 2008); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). There was nothing in the Plaintiff's Second Amended Original Complaint that "adopts or incorporates by reference" the earlier complaint. Accordingly, all of the court costs, reasonable attorneys' fees and other expenses incurred by defendants after the filing of the Second Amended Original Complaint were incurred in defending the Second Amended Original Complaint and should be awarded. At a minimum, however, Defendants should receive those fees incurred in defending against the new claims brought in the Second Amended Complaint.

This District, and other federal courts, routinely award attorneys' fees when corresponding state law calls for such fees. *See, e.g., Shelak v. White Motor Co.*, 636 F.2d 1069, 1072 (5th Cir. 1981) (holding that "[o]ur cases have made it clear that in an ordinary diversity case[2], state rather than federal law governs the issue of the awarding of attorney's fees" and rendering judgment for attorneys' fees in a state law diversity action).

Defendants submit the Affidavit of Laura Prather, attached hereto as Exhibit A, as evidence of Defendant's reasonable and necessary attorneys' fees, costs, and expenses incurred in defending against Plaintiff's claims and causes of action. *See* Exhibit A. Upon request, Defendants are willing to provide billing statements to the Court for *in camera* review.

---

[2] Despite Plaintiff's misstatement to the Court that this case involves federal question claims (D.E. 55, ¶15), this case was removed to federal court solely on diversity grounds (D.E. 1).

## II. The Court shall award sanctions sufficient to deter the filing of similar lawsuits.

Sanctions are particularly appropriate in this case, as Plaintiff has shown a propensity for retaliating against KRIS for reporting on important matters of public concern that relate to Plaintiff. After retaliating against KRIS for its initial broadcast, Plaintiff again filed additional claims in February of 2014, in the form of the Second Amended Complaint, following additional reporting that KRIS did on this important story. It is painfully clear that Plaintiff's intention is to continue to file retaliatory legal action against KRIS to try to silence and hinder KRIS' exercise of its right of freedom of speech and right to petition each time it reports on him. Accordingly, sanctions sufficient to deter Plaintiff from filing similar claims would be appropriate. Sanctions under §27.009 are levied against the Plaintiff himself, not the Plaintiff's attorney, and the amount of the sanctions award is left to the Court's discretion.[3]

Other courts considering the appropriate amount of sanctions under the statute have awarded between $10,000-$75,000. *See Robert Kinney v. BCG Attorney Search, Inc.*, Case No. D-1-GN-12-001521, 353rd Dist. Ct., Travis County., (affirmed by *Kinney v. BCG Attorney Search, Inc.*, Cause No. 03-12-00579-CV, 2013 WL 4516106 (Tex. App. – Austin Aug. 21, 2013, no. pet. h.)) ($75,000 awarded in sanctions); *American Heritage Capital, LP v. Dinah Gonzalez and Alan Gonzalez* (No. DC-11-13741-C) (filed October 27, 2011) ($15,000 sanction award). *See* Exhibits B and C. In Bexar County, a total of $85,000 was awarded to two defendants, a local television station and an attorney, both sued for defamation by a dentist in *Simpton v. High Plains Broadcasting, Inc.*, Cause No. 2011-CI-13290 (285th Dist. Ct., Bexar County, Tex. filed Aug. 16, 2011). *See* Exhibit D. Harrison County has also awarded sanctions to Plaintiffs in SLAPP Suits in a case involving several media defendants. *See Kristina Head*

---

[3] In comparison, Washington State's anti-SLAPP law requires a statutory minimum of $10,000 in sanctions to a prevailing anti-SLAPP movant, in addition to attorney's fees and costs. *See* Wash. Rev. Code Ann. §4.24.525(6)(a)(ii).

*a.k.a. Kristina Robinson v. Chicory Media, LLC d/b/a/ Starcas,/net; American Media, Inc., d/b/a/ Star Magazine; Perez Hilton Management, Inc. d/b/a perezitos.com,* Cause No. 2013-0040 (71st Judicial District, Harrison County, Tex., Sept 25, 2013) (awarding $25,000 in sanctions to Defendant AMO/Star Magazine; $10,000 to defendant Chicory Media; $20,000 to defendant Perez Hilton Management, Inc.).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Cordillera Communications, Inc. and KVOA Communications, Inc. d/b/a KRIS Communications pray that this Court award them attorneys' fees, costs, and expenses, and sanctions "sufficient to deter" further similar actions by Plaintiff, pursuant to Section 27.009 of the Texas Civil Practice and Remedies Code, and provide such other and further relief, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

HAYNES AND BOONE, LLP

By:_____/s/ Laura Lee Prather_____
     Laura Lee Prather
     Texas State Bar No. 16234200
     Southern District ID No. 15442
     Attorney-in-Charge
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Tel.: (512) 867-8400
Fax.: (512) 867-8470

OF COUNSEL:
Catherine Lewis Robb
Southern District ID No. 737064
Texas State Bar No. 24007924
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:   (512) 867-8400
Telecopier:   (512) 867-8470

Thomas J. Williams
Southern District ID No. 14013
Texas State Bar No. 21578500
201 Main Street, Suite 2200
Fort Worth, Texas 76102
Telephone:    (817) 347-6600
Telecopier:    (817) 347-6650

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 18th, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys:

      Jon D. Brooks
      Brooks, LLP
      400 Mann Street, Suite 1001
      Corpus Christi, Texas 78401

                                      ____/s/ Laura Lee Prather_____
                                      Laura Lee Prather