UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| CHRISTOPHER WILLIAMS, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-124 |
| | § | |
| CORDILLERA COMMUNICATIONS, | § | |
| INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON ANTI-SLAPP SANCTIONS AND ATTORNEY'S FEES

On June 11, 2014, the Court entered its Order granting Defendants' anti-SLAPP motion. D.E. 60. Before the Court is "Defendants' Brief in Support of Award of Attorneys' Fees, Costs, Expenses and Sanctions, Pursuant to the Texas Anti-SLAPP Statute" (D.E. 61), Plaintiff's Response (D.E. 63), as well as Defendants' Reply and Advisories (D.E. 64, 65, 66, 67, 69). The Court particularly considered the detailed billing records of Defendants' counsel, submitted as D.E. 64-2 and 69-1. After review of the evidence and arguments, the Court makes the following findings and conclusions:

**The Structure of the TCPA**. The Texas Citizens Participation Act (TCPA), Tex. Civ. Prac. & Rem. Code § 27.001 et seq. (an anti-SLAPP statute), is formulated, in part, to balance free speech rights against accountability for the improper exercise of free speech. TCPA § 27.002. The TCPA provides early deadlines for filing and disposing of an anti-SLAPP motion and an expedited appeal, along with modified evidentiary requirements and a stay of discovery pending disposition, which would ordinarily have the effect of minimizing attorney's fees, expenses, and costs for both parties. TCPA §§

27.003-27.008.  The anti-SLAPP motion in this case was timely filed with respect to the amended allegations filed on February 27, 2014 (D.E. 40).

**Manner of Presenting Claim for Attorney's Fees and Sanctions**.  Defendants' request for attorneys' fees under the TCPA was not waived for failure to plead them as special damages as Plaintiff argues.  The TCPA treatment of attorneys' fees and expenses is equivalent to that permitted for vexatious litigation tactics in Fed. R. Civ. P. 11 and 37, as well as 28 U.S.C. § 1927.  Each of those actions, including that prescribed by the TCPA in § 27.003, requires a motion setting out the basis for relief and the damages requested.  *E.g.*, *Gonzalez v. Fresenius Medical Care North America*, 689 F.3d 470, 481 (5th Cir. 2012) (notice of request for sanctions under § 1927 is sufficient where included in opposing party's motion); *Washington v. M. Hanna Const. Inc*., 299 Fed. App'x 399, 402, 2008 WL 4898680, *2 (5th Cir. 2008) (Rule 37 sanctions, including attorney's fees, are proper upon motion); *Krisa v. Equitable Life Assur. Soc*., 113 F.Supp.2d 694, 708 (M.D. Pa. 2000) (complaint under Rule 11 must be made by motion and not by pleading as an affirmative defense; Fed. R. Civ. P. 11(c)(2)).  The Court is not aware of any authority requiring that awards under those provisions be based on a pleading of special damages, and the Plaintiff has not provided any such authority.

Plaintiff's reliance on *United Industries*[1] and *Wilson*[2] is misplaced because the TCPA is a defensive matter that, by statutory provision, is to be raised by motion.  It is

---

[1]  *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765-66 (5th Cir. 1996).

[2]  *Wilson v. William Hall Chevrolet, Inc*., 871 F.Supp. 279, 282-83 (S.D. Miss. 1994), *aff'd in part, rev'd on other grounds*, 77 F.3d 479 (5th Cir. 1996).

not a part of an affirmative claim for relief as part of a cause of action that has been pled. In *United Industries*, the court preferred the pleading of attorneys' fees as damages accompanying a claim for reformation of a license agreement but also acknowledged that the claim could be raised in other ways.

In *Wilson*, the attorneys' fees were pled as part of the substantive damages accompanying a Mississippi deceptive trade practices claim. During the case, however, the deceptive trade practices act was amended to eliminate the statutory basis for the attorneys' fees claim. The court held that the plaintiff could not then make a claim for attorneys' fees as substantive damages under his fraud claim because he had not pled them that way and a judgment on a fraud claim does not entitle the claimant to attorneys' fees. Even in so saying, the *Wilson* court acknowledged that attorneys' fees may be recoverable in different situations without pleading them as special damages.

**The Court's Discretion With Respect to the Attorneys' Fee Award**. The Court's determination of an award of attorneys' fees, expenses, court costs, and sanctions is discretionary under TCPA § 27.009, given that statute's reference to what justice and equity may require, what is reasonable, and what the Court determines to be a sufficient deterrent. While the Court interprets the TCPA to entitle Defendants to an award of attorneys' fees, the amount of that award is discretionary. In that regard, the Court considers the factors set forth in *Arthur Anderson*[3]. Under *Arthur Anderson*, the Court may consider:

(1) The time and labor required;

---
[3] *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1992).

(2) The novelty and difficulty of the questions involved;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to acceptance of the case;

(5) The fee customarily charged in the locality for similar legal services;

(6) The amount involved and the results obtained;

(7) The time limitations imposed by the client or the circumstances;

(8) The nature and length of the professional relationship with the client;

(9) The experience, reputation, and ability of the attorneys; and

(10) Whether the fee is fixed or contingent.

*Arthur Anderson,* 945 S.W.2d at 818.

**The time and labor required**. The Court has reviewed the invoices attached to Defendants' counsel's affidavit (D.E. 64-2 and 69-1) and finds that the entries are reasonable and appropriate for the type of work required to represent Defendants in prosecuting the anti-SLAPP motion and defending against Plaintiff's amended allegations arising out of the 2014 broadcasts. While Plaintiff has challenged the time required, that challenge fails to take into consideration the differences between the legal bases for Defendants' summary judgment motion and their anti-SLAPP motion to dismiss, and the responsive measures required by Plaintiff's filings.

**The novelty and difficulty of the questions involved**. The TCPA is a relatively new statute, effective June 17, 2011, and its procedures are new. Plaintiff tested Defendants' use of the TCPA in this case with both substantive and procedural challenges, requiring appropriate briefing. While the underlying substantive issues are not novel, involving free speech, media defendants, public figure plaintiffs, truth, and

malice, all of which are well-established concepts, Defendants also had to address such novel issues as whether an anti-SLAPP motion may be timely filed in a case that has been pending long enough for deadlines to have expired for some claims, whether presenting the anti-SLAPP defense in the form of a motion was sufficient, and whether the Court's congested docket required any special procedures, among other things.

**The skill requisite to perform the legal service properly**. This area of the law and, particularly, the application of the TCPA is specialized.

**The preclusion of other employment by the attorney**. The evidence regarding preclusion of other employment by the attorney due to acceptance of the case is conclusory and does not indicate any alteration of counsel's business other than simply filling the attorneys' workloads.

**The customary fee**. While Plaintiff testified that a customary fee would be $250.00 per hour, Defendants sought to impeach that testimony with Plaintiff's counsel's own request for attorney's fees in this Court of $475.00 per hour, citing *Soto v. LCS Corrections Services, Inc.*, No. 2:12-cv-130, 2013 WL 4012627 (S.D. Tex. Aug. 5, 2013). The Court notes, however, that its award in that employment retaliation, civil rights case was limited to $250 per hour despite Plaintiff's counsel's request.

Here, Defendants seek up to $400 per hour, stating that the fees customarily charged in this area were considered. They have attached numerous judgments from other cases awarding attorney's fees. Those judgments, however, do not detail the rate on which the fee awards were based, and many are from other localities. The Court holds that the customary fee for cases in this District and Division for similar legal services is

$250 per hour. Having set the attorney fees at $250 per hour, the Court reduces the fees of the nonattorneys to $90.

**The amount involved and the results obtained**. The Court notes that Plaintiff sought judgment for two million dollars and that Defendants obtained a dismissal of all counts.

**Time limitations imposed by the client or the circumstances**. Nothing about the parties, the deadlines, or the subject matter call for special consideration in determining reasonable attorney's fees. The anti-SLAPP statute does accelerate certain deadlines or time frames in which matters must be addressed. However, the Court notes that the circumstances of this case are such that the case had been pending long enough for summary judgment procedures to be appropriate for the same or similar issues as addressed in the anti-SLAPP motion. Thus the deadlines did not require special efforts that necessarily affect what attorney's fees and expenses are reasonable and necessary.

**The nature and length of the professional relationship with the client**. There is no evidence regarding the nature and length of the professional relationship between Defendants and their counsel.

**The experience, reputation, and ability of the attorneys**. Defendants' attorneys are well-qualified in this type of litigation, especially with respect to the TCPA.

**Whether the fee is fixed or contingent**. The fee in this case is fixed.

Although the Court granted Defendants' motion to dismiss, the Court noted that there were issues with the manner in which the broadcasts were aired. The Court takes this into account in assessing an appropriate award of attorneys' fees.

Considering all of the factors outlined above, the Court finds that the reasonable attorneys' fees in this case for legal services at the trial level regarding the allegations arising from the 2014 broadcasts are $25,000.00. The Court awards this amount to Defendants as attorneys' fees and awards $3,851.13 for costs and expenses.

The Court finds that the award of attorneys' fees and expenses is sufficient to deter Plaintiff from bringing similar actions and thus does not award sanctions in this case. The Court denies Defendants' request for contingent appellate fees at this time. Defendants may apply for such award if and when such fees and costs are incurred.

ORDERED this 24th day of November, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE